UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SUPERSEDING INDICTMENT** |
| v. | S1 25 Cr. 412 (MMG) |
| CHANGLI LUO,<br>a/k/a "Sophia Luo,"<br>a/k/a "Sophie Luo,"<br><br>Defendant. | |

## COUNT ONE
### (Wire Fraud)

The Grand Jury charges:

1.      From at least in or about November 2024 through at least in or about April 2025, in the Southern District of New York and elsewhere, CHANGLI LUO, a/k/a "Sophia Luo," a/k/a "Sophie Luo," the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, LUO engaged in a scheme to defraud a victim ("Victim-1") by making false and misleading statements to Victim-1 about LUO's possession of allegedly compromising materials and information about Victim-1, which LUO threatened to distribute publicly, in order to obtain money from Victim-1, and sent and received, and caused others to send and receive, text messages, emails and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT TWO
### (Extortion)

The Grand Jury further charges:

2.      From at least in or about November 2024 through at least in or about April 2025, in the Southern District of New York and elsewhere, CHANGLI LUO, a/k/a "Sophia Luo," a/k/a "Sophie Luo," the defendant, knowingly did attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, to wit, LUO attempted to induce Victim-1 to pay LUO between tens of millions and over a billion dollars, to which she was not entitled, by threatening to report allegations of wrongdoing to Victim-1's investors, business partners, mass media, and others if Victim-1 did not pay, causing fear of economic harm to Victim-1 and Victim-1's businesses operating in interstate commerce.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE
### (Blackmail)

The Grand Jury further charges:

3.      From on or about March 31, 2025 through on or about April 1, 2025, in the Southern District of New York and elsewhere, CHANGLI LUO, a/k/a "Sophia Luo," a/k/a "Sophie Luo," the defendant, under a threat of informing, and as a consideration for not informing, against a violation of a law of the United States, demanded and received money and a valuable thing, to wit, LUO demanded money from Victim-1 under threat of informing and as consideration for not

2

informing law enforcement authorities of alleged violations by Victim-1 of 18 U.S.C. §§ 201 and 666.

(Title 18, United States Code, Sections 873 and 2.)

## COUNT FOUR
### (Destruction and Concealment of Records)

The Grand Jury further charges:

4.      On or about May 28, 2025, in the Southern District of New York and elsewhere, CHANGLI LUO a/k/a "Sophia Luo," a/k/a "Sophie Luo," the defendant, knowingly altered, destroyed, mutilated, concealed, covered up, falsified, and made a false entry in a record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, and in relation to and in contemplation of such a matter and case, to wit, LUO concealed multiple electronic devices, including one cellular phone and two flash drives, within a container of sanitary products and another cellular phone inside of a clothing hamper, and deleted from a cellular phone incriminating photographs and videos, after she became aware of the existence of an investigation involving her by the Federal Bureau of Investigation and the U.S. Attorney's Office for the Southern District of New York.

(Title 18, United States Code, Section 1519.)

## COUNT FIVE
### (Access Device Fraud)

The Grand Jury further charges:

5.      From at least in or about January 2023 through at least in or about February 2023, in the Southern District of New York and elsewhere, CHANGLI LUO, a/k/a "Sophia Luo," a/k/a "Sophie Luo," the defendant, knowingly and with intent to defraud, as part of an offense affecting

interstate and foreign commerce, trafficked in and used one and more unauthorized access devices during a one-year period, and by such conduct obtained a thing of value aggregating $1,000 and more during that one-year period, to wit, LUO obtained and attempted to use, and did use, a credit card belonging to a victim ("Victim-2") without authorization and made an unauthorized purchase in an amount of more than $4,000.

(Title 18, United States Code, Sections 1029(a)(2), 1029(b)(1), 1029(c)(1)(A)(i), and 2.)

## COUNT SIX
### (Aggravated Identity Theft)

The Grand Jury further charges:

6.      From at least in or about January 2023 through at least in or about February 2023, in the Southern District of New York and elsewhere, CHANGLI LUO, a/k/a "Sophia Luo," a/k/a "Sophie Luo," the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, LUO used and transferred the name and credit card number of Victim-2 during and in relation to the access device fraud charged in Count Five of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## COUNT SEVEN
### (Identity Theft)

The Grand Jury further charges:

7.      In or about December 2023, in the Southern District of New York and elsewhere, CHANGLI LUO, a/k/a "Sophia Luo," a/k/a "Sophie Luo," the defendant, knowingly transferred, possessed, and used, in and affecting interstate and foreign commerce, without lawful authority, a means of identification of another person, with the intent to commit, and to aid or abet, and in

4

connection with, an unlawful activity that constituted a violation of Federal law, and that constituted a felony under a state or local law, to wit, LUO obtained an out-of-state driver's license, debit card, and credit card belonging to a victim ("Victim-3") without authorization with the intent to commit access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2).

(Title 18, United States Code, Sections 1028(a)(7), 1028(b)(2)(B), and 2.)

## FORFEITURE ALLEGATIONS

8.    As a result of committing the offenses alleged in Counts One and Two of this Indictment, CHANGLI LUO a/k/a "Sophia Luo," a/k/a "Sophie Luo," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

9.    As a result of committing the offense alleged in Count Five of this Indictment, CHANGLI LUO, a/k/a "Sophia Luo," a/k/a "Sophie Luo," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of said offense and any and all personal property used or intended to be used to commit said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

10.    As a result of committing the offenses alleged in Counts Six and Seven of this Indictment, CHANGLI LUO, a/k/a "Sophia Luo," a/k/a "Sophie Luo," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b),

5

any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of said offenses and any and all personal property used or intended to be used to commit said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

11.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be subdivided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 982, 1028, 1029;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON                         6/30/26

_Jay Clayton_
JAY CLAYTON
United States Attorney