UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

UNITED STATES OF AMERICA, :

vs. : Case No.: 25-cr-412 (MMG)

CHANGLI LUO, :

Defendant. :

-----------------------------------------------------x

**DEFENDANT CHANGLI LUO'S NOTICE OF MOTION TO SEVER**

PLEASE TAKE NOTICE, that upon the Declaration of Arthur L. Aidala, Esq. and the accompanying Memorandum of Law, defendant Changli Luo will move this Court before the Honorable Margaret M. Garnett, at the United States Courthouse, 500 Pearl Street, Courtroom 705, New York, New York 10007, for an Order of Severance of Counts 1-4 from Counts 5-7, Pursuant to FRCP 8(a) and FRCP 14(a).

Dated: August 21, 2026
New York, New York

/s/

Arthur L. Aidala, Esq.
AIDALA, BERTUNA & KAMINS, P.C.
546 5th Avenue, 6th Floor
New York, New York 10036
E-Mail: aidalaesq@aidalalaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x

UNITED STATES OF AMERICA, :

vs. : Case No.: 25-cr-412 (MMG)

CHANGLI LUO, :

Defendant. :

---------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEVER**

Arthur L. Aidala, Esq.
Michael T. Jaccarino, Esq.
Alexandra Jo DeBenedictis, Esq.
Aidala, Bertuna & Kamins, P.C.
546 5th Avenue, 6th Floor
New York, New York 10036
aidalaesq@aidalalaw.com

*Attorneys for Changli Luo*

# TABLE OF CONTENTS

Introduction ........................................................................................................... 1
Argument................................................................................................................. 2
The Extortion Scheme And The Individual Unauthorized Use Counts Were Improperly Joined And Must Be Severed from Each Other Because They Are Unrelated Crimes And Joinder Would Substantially Prejudice The Defendant........... 2
Conclusion ............................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*United State v. Amato*,
15 F.3d 230 (2d Cir. 1994) .................... 2
*United States v. Barrett*,
U.S. Dist. LEXIS 18935 (S.D.N.Y February 3, 2025) .................... 4
*United States v. Bezmalinovic*,
1996 U.S. Dist. LEXIS 18976 (S.D.N.Y. December 26, 1996) .................... 4,5
*United States v. Blakney*,
941 F.2d 114 (2d Cir. 1991) .................... 2
*United States v. Edgar*,
82 F. 3d 499 (1st Cir. 1996) .................... 2
*United States v. Halper*,
590 F. 2d 422 (2d Cir. 1978) .................... 3
*United States v. Kerik*,
615 F. Supp. 2d 256 (S.D.N.Y. 2009) .................... 4
*United States v. Korn*,
2016 U.S. Dist. LEXIS 16352 (W.D.N.Y. February 10, 2016) .................... 4
*United States v. Litwok*,
678 F. 3d 208 (2d Cir, 2012) .................... 3,6
*United States v. Sabean*,
885 F. 3d 27 (1st Cir. 2018) .................... 3
*United State v. Sampson*,
385 F.3d 183 (2d Cir. 2004) .................... 5
*United States v. Tubol*,
191 F.3d 88 (2d Cir. 1999) .................... 3
*United States v. Turoff*,
853 F. 2d 1037 (2d Cir. 1988) .................... 5
*United States v. Werner*,
620 F. 2d 922 (2d Cir. 1980) .................... 2,5,6

**Statutes**

18 U.S.C. §§ 873 and 2 .................... 1
18 U.S.C. §§ 1028 and 1029 .................... 1
18 U.S.C. §§ 1343 and 2 .................... 1
18 U.S.C. § 1519 .................... 1
18 U.S.C. §§ 1951 and 2 .................... 1
Fed. R. Crim. P. 14 .................... 1,2,6
Fed. R. Crim. P. 8 .................... 1,2,4,5,6

Defendant Changli Luo, through counsel, and pursuant to Rule 8(a) and Rule 14(a) of the Federal Rules of Criminal Procedure, respectfully submits this Memorandum of Law in support of her Motion to Sever Counts One through Four from Counts Five, Six, and Seven of the Superseding Indictment.

## INTRODUCTION

The accused, Changli Luo, is charged in a seven-count superseding indictment (the "Indictment") with three separate crimes and two separate schemes to defraud. Counts One through Four of the Indictment allege that between November 2024 and April 2025, Ms. Luo was involved in a scheme to defraud, blackmail, and extort Victim-1 by making false allegations, by and through a mediator and a retained attorney during settlement discussions, in order to obtain money that she was not entitled to, in violation of 18 U.S.C. §§ 1343 and 2, 18 U.S.C. §§ 1951 and 2, and 18 U.S.C. §§ 873 and 2.[1] (Hereafter "Extortion Scheme").

Counts Five, Six, and Seven of the Indictment charge Ms. Luo with making unauthorized online purchases utilizing credit cards and identification belonging to Victim-2 and Victim-3, in violation of 18 U.S.C. §§ 1028 and 1029.[2] (Hereafter "Unauthorized Use Counts").

The Extortion Scheme and the Unauthorized Use counts involved different participants and complainants and occurred at different times and in different locations.

[1] Count Four alleges that Ms. Luo attempted to delete evidence and conceal devices that allegedly contained evidence related to the conduct alleged in Counts One through Three. (18 U.S.C. § 1519).
[2] The conduct is alleged to have taken place in 2023.

## ARGUMENT

### The Extortion Scheme And The Individual Unauthorized Use Counts Were Improperly Joined And Must Be Severed from Each Other Because They Are Unrelated Crimes And Joinder Would Substantially Prejudice The Defendant

Changli Luo moves for relief from improper and prejudicial joinder pursuant to Fed. R. Crim. P. 8(a) and 14(a). Specifically, Ms. Luo respectfully submits that the Extortion Scheme and the two (2) individual Unauthorized Use Counts constitute two distinct and separate offense types that are not sufficiently similar and are not connected or part of a common scheme or plan. The offenses took place in completely different manners, at different times, in different places, and with different complainants. As such, joinder of said offenses would serve to present Ms. Luo as having a propensity to commit crimes and, thus, substantially prejudice her right to fair and impartial trials on her alleged participation in each criminal episode. Moreover, notwithstanding the prejudice, joinder of the offenses is not warranted pursuant to Fed. R. Crim. P. 8(a).

Under Fed. R. Crim. P. 8(a), "[t]he indictment or information may charge a defendant in separate counts with two or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Joinder has been deemed "proper where the same evidence may be used to prove each count." *United State v. Amato*, 15 F.3d 230, 236 (2d Cir. 1994) (quoting *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991)). Under Second Circuit precedent, Rule 8(a) joinder is not limited to crimes of the exact "same" character, but also covers those of a "similar" character. *United States v. Edgar*, 82 F. 3d 499 (1st Cir. 1996). "Similar" character in this context means "resembling in many respects," "somewhat alike," or "having a general likeness." *United States v. Werner*, 620 F. 2d 922 (2d Cir. 1980). Applying these standards, extortion (an offense involving coercion or blackmail) and credit

card fraud (a financial deception offense) directed at different victims are distinct, non-identical offenses that do not inherently share a "same or similar character." As such, they must be severed.

The Second Circuit has found error in joinder even where two separate robberies were allegedly committed by the same defendant in close geographical proximity over a relatively short period of time. *See, United States v. Tubol*, 191 F.3d 88 (2d Cir. 1999). In *Tubol*, the defendant was charged and tried jointly for two separate armed robberies that occurred in Flushing, New York, both involving the use of a gun. However, the robberies were conducted with noticeable differences that undermined the government's assertion that the charged offenses were of the same or similar character and constituted part of a common pattern or conduct. Specifically, the Court noted the following: "Tubol allegedly used distinctly different methods in the two robberies for which he was convicted. Moreover, he targeted distinctly different victims – a bank and a small store." *Id.* at 95. Therefore, "[i]n the face of these differences, the use of a gun and proximity in time and place do not sufficiently support joinder." *Id.* at 97. Such erroneous joinder can have a potentially prejudicial effect on the jury thereby warranting a reversal of the convictions. *Id.* at 97.

In determining whether distinct crimes have "same or similar character," courts take into account factors such as whether charges are alleged under the same statute, whether they involve similar victims, locations or modes of operation, and the time frame in which the charged conduct occurred. *United States v. Sabean*, 885 F. 3d 27 (1st Cir. 2018). Of course, viewed through this prism, none of the above listed factors favor joinder of the instant offenses. Indeed, courts have repeatedly held that joinder of fraud offenses or attempts by a defendant to personally profit, alone, are "too broad" and insufficient to join two otherwise distinct indictments. *See*, *United States v. Halper*, 590 F. 2d 422 (2d Cir. 1978) (Medicaid fraud and tax evasion not sufficiently similar); *United States v. Litwok*, 678 F. 3d 208 (2d Cir, 2012) (tax fraud and insurance fraud improperly

joined because there was "no link, let alone a direct one" between the two distinct fraud schemes); *United States v. Bezmalinovic,* 1996 U.S. Dist. LEXIS 18976 (S.D.N.Y. December 26, 1996); *United States v. Kerik*, 615 F. Supp. 2d 256 (S.D.N.Y. 2009) (holding "broad motif of similar kinds of alleged dishonesty" is insufficient to support joinder under Rule 8(a)); *United States v. Korn*, 2016 U.S. Dist. LEXIS 16352 (W.D.N.Y. February 10, 2016)(proffered common link between the two cases that they both involve financial crimes and dishonesty is too general to warrant joinder).

Likewise, the vague thematic connection of the two distinct types of offenses in this Indictment does not support joinder. In the Extortion Scheme, the Government alleges that Ms. Luo made false statements and unequivocal threats based on those statements – not in secret or under cover of darkness but through a mediator and retained attorneys – that she would take certain legal action unless she was given money. On the other hand, in the individual Unauthorized Use Counts, Ms. Luo is accused of secretly obtaining credit card information and using that information while she was by herself to make purchases online. Besides the fact that these crimes can both be said to be "economically motivated," they have little else in common, which is "too sparse a justification to satisfy even the liberal joinder standard," as there "are many federal crimes that may share 'economic motivations,' but little else." *See*, *United States v. Barrett*, U.S. Dist. LEXIS 18935 (S.D.N.Y February 3, 2025)(fraud scheme involving the misbranding of performance-enhancing drugs not joinable with scheme to fraudulently obtain loans).

In *Bezmalinovic*, the Government argued that a tax fraud scheme was "of the same or similar character" as contract and insurance fraud because the defendant's goal was to gain money, the schemes utilized deception and fraud, and the defendant carried out his offenses through his company. *Bezmalinovic*, 1996 U.S. Dist. LEXIS 18976 at 7. The Government will make similar

arguments here, but instead of the offenses being committed through the use of a company, they will substitute that Ms. Luo was initially introduced to each victim by direct messaging them online. However, as in *Bezmalinovic*, these similarities are insufficient to be considered of a "similar character" within the meaning of Rule 8(a). As the Second Circuit and the *Bezmalinovic* court held, the "broad argument" that a defendant "used fraud to achieve [the] goal of obtaining money, is true of a great number of crimes, not all of which are of a 'similar character' to each other," and further, the use of a defendant's companies (or social media account) to commit crimes "does not make those crimes similar in nature," but is reflective of "the entities available to him to commit several very different crimes." *Bezmalinovic*, at 8, *citing Werner*, 620 F. 2d 922, 926 (2d Cir. 1980). The Court further held that, "[a]ny person who engages in two entirely separate and unrelated fraudulent schemes is likely to implement both schemes by means of those entities controlled by and therefore available to that person." *Id.* at 10. As such, any argument that the conduct alleged in this case is of a similar nature because Ms. Luo messaged each victim through their accounts on a social media platform, is misplaced.

Here, the two distinct types of criminal conduct in question do not contain the same evidence. Moreover, they are not close in time or place, they do not involve the same participants, and Ms. Luo is alleged to have used distinctly different methods to commit the crime. Further, because these offenses involve different crimes committed against different victims, they cannot be joined under the "same act or transaction" prong unless they are factual outgrowths of one another or share overlapping facts. *United States v. Turoff*, 853 F. 2d 1037 (2d Cir. 1988).

Even if joinder were appropriate under Rule 8 – and it is not – the Court may order separate trials or grant a severance under Rule 14 if it appears that the defendant is prejudiced by the joinder." *United State v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004) (quoting *United States v.*

*Werner*, 620 F.2d 922, 928 (2d Cir. 1980)). Fed. R. Crim. P. 14(a) provides, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." In *Sampson*, the Second Circuit held that the defendant suffered substantial prejudice on the denial of his motion to sever counts related to a 1998 drug distribution from counts related to a 2000 drug distribution because, among other reasons, the jury could unfairly reason that the defendant had a propensity to deal drugs. 385 F.3d at 192-93. Of course, there is always a danger when several crimes are tried together, that the jury may use the evidence cumulatively; that is, although they are not persuaded of the accused's guilt on any particular count, the sum of the evidence may convince them as to all.

Here, joining the Extortion Scheme with the individual Unauthorized Use Counts creates the distinct possibility of jurors drawing propensity-based inferences against Ms. Luo and inferring guilt where they may not otherwise find it. In other words, the jury may infer that Ms. Luo did not have permission to use the credit cards belonging to Victim-2 or 3 because they believe that she attempted to blackmail Victim-1. Or, they may improperly infer that the statements that she made during the mediation and settlement negotiations with Victim-1 were false, based on the fact that she did not have permission to use the credit cards belonging to Victim-2 or Victim-3. This would be highly and irreparably prejudicial, as a jury would be more likely to view her unfavorably as one who has a propensity to commit crimes rather than weighing the alleged evidence against her in an objective and impartial manner. *See*, *Litwok*, 678 F. 3d 208, 216-218 (misjoinder of tax fraud with mail fraud warranted reversal as it "inevitably colored the jury's view of the defendant's role in the mail fraud scheme" and "it surely affected the jury's consideration of that count"). As such, relief from prejudicial joinder must be granted pursuant to Rule 14, resulting in seperate

trials for the charges alleged in: (1) Counts One, Two, Three, and Four (Extortion Scheme); and (2) Counts Five, Six, and Seven (Individual Unauthorized Use Counts).

## CONCLUSION

For the foregoing reasons, Ms. Luo respectfully requests that the Court sever Counts One through Four from Counts Five, Six, and Seven, as the nature of the charged conduct is entirely too broad to warrant the joint trial of these otherwise two distinct offenses.

Respectfully submitted,

/s/

Arthur L. Aidala, Esq.
Michael T. Jaccarino, Esq.
Alexandra Jo DeBenedictis, Esq.
Aidala, Bertuna & Kamins, P.C

*Attorneys for Changli Luo*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2026, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

/s/
Arthur L. Aidala